intestate alleged to have been occasioned through the negligence of defendant. Intestate, while crossing Fillmore avenue in the city of Buffalo from west to east, about forty feet south of its intersection with Northland avenue, but directly opposite a regular stopping place for north-bound cars, was struck by one of defendant's cars proceeding north, and received injuries resulting in his death. Defendant contended that intestate was guilty of contributory negligence as matter of law.

*Noel S. Symons, John J. K. Caskie* and *Raymond C. Vaughan* for appellant.

*Hamilton Ward* and *Dana L. Spring* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE and LEHMAN, JJ. Dissenting: ANDREWS, KELLOGG and O'BRIEN, JJ.

---

SYDNEY BEVIN et al., Respondents, *v.* HENRY STEERS SAND & GRAVEL COMPANY, INC., Defendant, and HENRY STEERS, INC., Appellant. (Actions Nos. 1 and 2.)

*Landlord and tenant — lease — real property — lease of land with privilege to remove sand and gravel at fixed rate per square yard but providing for minimum rental irrespective of amount removed — removal and payment for material in excess of amount of minimum rental for term — exhaustion of deposit and removal of lessee giving notice of cancellation — action by landlord to recover minimum rent reserved.*

Bevin v. Steers Sand & Gravel Co., Inc., 218 App. Div. 502, affirmed. (Argued February 28, 1927; decided March 29, 1927.)

APPEAL, in each of the above-entitled actions, from a judgment entered December 22, 1926, upon an order of the Appellate Division of the Supreme Court in the second judicial department, reversing a judgment in favor of defendant-appellant, entered upon a dismissal of the complaint by the court at a Trial Term and directing judgment in favor of plaintiffs. The actions were to recover rent alleged to be due under a lease of lands for a term of years with the privilege to remove sand and

gravel from the premises, the rental to be ten cents per cubic yard for all sand and gravel removed with a fixed minimum rental of $6,000 a year whether sand and gravel were removed or not. The lessee entered upon the premises, removed and paid for sand and gravel in an amount exceeding the minimum rental for the entire term, and, notifying plaintiffs that the sand and gravel were exhausted and it elected to cancel the lease, removed from the premises about three years and five months prior to its termination. The Appellate Division held that the lease was clear and unambiguous and by its terms the lessee was bound to pay the minimum rent for each year of the term whether the sand and gravel were exhausted or not, and that the payments for material removed in excess of the minimum during the years of occupancy by the lessee could not be credited as payments of the minimum rent reserved for the subsequent years:

*Charles L. Woody* for appellant.

*Sidney W. Davidson, Heber Smith* and *Leslie D. Dawson* for respondents.

Judgment, in each action, affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

GLEASNER COMPRESSED AIR SUPPLY AND EQUIPMENT COMPANY, INC., Respondent, *v.* THOMPSON-STARRETT COMPANY, INC., et al., Appellants.

*Appeal — unanimous affirmance — constitutional question not presented — appeal dismissed.*

Gleasner Compressed A. S. & E. Co., Inc., v. Thompson-Starrett Co., Inc., 217 App. Div. 785, appeal dismissed.

(Argued March 1, 1927; decided March 29, 1927.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department,